IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BEAR LUMBER COMPANY,         )
INC., et al.,                )
                             )
     Plaintiffs,             )
                             )        CIVIL ACTION NO.
     v.                      )          2:08cv841-MHT
                             )              (WO)
KIMBERLY S. HEADLEY,         )
et al.,                      )
                             )
     Defendants.             )
```

OPINION AND ORDER

In this lawsuit, plaintiff Bear Lumber Company, Inc., originally sued defendant Kimberly Headley in Alabama state court. Headley later filed a third-party complaint against Colonial Bank, N.A., which subsequently removed the entire case to this federal court. This lawsuit is now before the court on Headley's motion to remand. For the reasons that follow, that motion will be granted.

## I. BACKGROUND

Bear Lumber originally filed this lawsuit against Headley and others in the Circuit Court of Montgomery, Alabama on April 18, 2007. On May 27, 2008, that case was consolidated with two other state-court cases, filed by plaintiffs Elegante Surfaces and Edward J. Thomas. The complaints sought damages for various violations of Alabama state law, including breach of contract, fraud, and passing of a worthless check. These claims all relate to fees owed for supplies and services rendered in the construction of Headley's home in Montgomery, Alabama. Each of the original complaints sought less than $ 10,000 in damages and raised no federal-law claims.

During the course of the state-court litigation, many cross-claims, counterclaims, and third-party complaints were filed; none of these pleadings contained federal-law claims. On September 17, 2008, however, Headley filed an amended third-party complaint in the consolidated cases

adding several new third-party defendants. Headley's amended third-party complaint raises state-law claims of negligence, negligent supervision, promissory fraud, and unauthorized practice of law; it also raises four very specific federal-law claims: violations of the Truth In Lending Act, 15 U.S.C. § 1601 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.

One of these new third-party defendants, Colonial Bank, subsequently removed the consolidated cases to federal court pursuant to § 1441(c) based on the addition of the federal-law claims.[1]

---

1. One of the consolidated cases, <u>Edward J. Thomas v. A Plus Mortgage, et al.</u>, was not removed, however, because Headley herself was not a party to that case and her amended third-party complaint therefore did not pertain to it.

## II. REMOVAL STANDARD

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As such, "[r]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1999). Federal courts are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005) (internal quotation marks omitted).

Pursuant to 28 U.S.C. § 1441(c), "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the

district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## III. DISCUSSION

Most circuit courts have refused to extend the right of removal in § 1441(c) to "third-party defendants brought into [a] state action by the original defendant." 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 2001) (footnotes omitted).  However, there is contrary authority in the Fifth and Eleventh Circuits, stemming from Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, in which the former Fifth Circuit stated, "If the third party complaint states a separate and independent claim which if sued upon alone could have been brought

properly in federal court, there should be no bar to removal." 622 F.2d 133, 136 (5th Cir. 1980).[2]

Headley argues, however, that Carl Heck is no longer good law, at least in the Eleventh Circuit, for two reasons. First, she points out that § 1441(c) was amended in 1990, thereby undermining the authority of Carl Heck. See Moss Land and Mineral Corp. v. Fidelity and Cas. Co. of New York, 2003 WL 21360803, at *3 (N.D. Ala. June 6, 2003) (Acker, J.) ("In this court's opinion that amendment wiped out Carl Heck. In fact, Carl Heck may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in Carl Heck.")  Second, Headley argues that an intervening Supreme Court case, Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002), suggests

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

properly in federal court, there should be no bar to removal." 622 F.2d 133, 136 (5th Cir. 1980).[2]

Headley argues, however, that Carl Heck is no longer good law, at least in the Eleventh Circuit, for two reasons. First, she points out that § 1441(c) was amended in 1990, thereby undermining the authority of Carl Heck. See Moss Land and Mineral Corp. v. Fidelity and Cas. Co. of New York, 2003 WL 21360803, at *3 (N.D. Ala. June 6, 2003) (Acker, J.) ("In this court's opinion that amendment wiped out Carl Heck. In fact, Carl Heck may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in Carl Heck.")  Second, Headley argues that an intervening Supreme Court case, Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002), suggests

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that third-party defendants should never be able to remove cases.

As such, it is not perfectly clear that this case would be removable pursuant to a proper third-party complaint. In any event, the court need not reach that question, because Headley's complaint is not a proper third-party complaint. Rule 14 of the Federal Rule of Civil Procedure governs third-party practice and establishes that "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987). Headley's pleading does not allege and cannot be construed to allege that the newly added defendants are liable for the claims raised against her. She focuses on

7

the allegedly wrongful practices of her lenders but fails to suggest how the lenders would ever be liable for the outstanding fees she may owe to the original plaintiffs, Bear Lumber and Elegante Surfaces.  Therefore, this is not a proper third-party complaint.

Because Headley's complaint is not a proper third-party complaint, § 1441(c) is not a proper basis for removal. First, because Colonial Bank was improperly impleaded, Headley's claims in her third-party complaint were not properly "joined" under § 1441(c).[3] In addition, the court cannot consider whether Headley's claims are "separate and independent" pursuant to § 1441(c) when that nature of those claims (whether they are really cross-claims or counterclaims) has not been established. Finally, Colonial Bank has failed to provide the court

---

    3. In fact, Colonial Bank agrees that it was improperly impleaded as a third-party, arguing this ground in support of its motion for summary judgment.

8

with any other basis for removal.  Therefore, this case must be remanded to state court.[4]

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defendant Kimberly Headley's motion to remand (doc. no. 15) is granted.

---

4. Some courts have addressed this problem by redesignating the pleading and analyzing whether the case would be removable pursuant to that proper designation. See e.g, Mace Sec. Intern., Inc. v. Odierna, 2008 WL 3851839, at *3 (S.D. Fla. Aug. 14, 2008) (Altonga, J.). This approach, however, is highly problematic.  For example, the court's authority to redesignate pleadings extends to counterclaims misdesignated as defenses or defenses misdesignated as counterclaims. See Fed. R. Civ. Pro. 8.  It does not address third-party complaints and should not be extended to do so.  See Bozsi Ltd. Partnership v. Lynott, 676 F.Supp. 505, 516 (S.D.N.Y. 1987) (Carter, J.) (refusing to apply Rule 8 in similar circumstances explaining, "Redesignating a third-party complaint does not merely correct a technical pleading error. It alters the essential character of a case ....").

(2) Plaintiff Bear Lumber Company, Inc., and Elegante Surfaces, LLC's motions to sever and remand (doc. nos. 9 and 14) are denied as moot.

(3) Pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama for want of subject-matter jurisdiction.

All the other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 10th day of August, 2009.

 /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**